B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Marlina Mitsue Jedro | **DEFENDANTS**<br>United States Department of Education, et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Luke Homen<br>Luke Homen Law, PLLC  (405) 639-2099<br>10313 Greenbriar Pkwy<br>Oklahoma City, OK 73159 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

U.S.C. §523(a)(8) - Determination of Dischargeability

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

Determination of Dischargeability

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Marlina Mitsue Jedro | BANKRUPTCY CASE NO.<br>24-70206 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Texas Northern | DIVISION OFFICE<br>Wichita Falls | NAME OF JUDGE<br>Scott W Everett | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>Marlina Mitsue Jedro | DEFENDANT<br>United States Department of Education, et al. | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Texas Northern | DIVISION OFFICE<br>Wichita Falls | NAME OF JUDGE<br>Scott W Everett | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>10/24/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Luke Homen | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE Texas - Northern - All Other Divisions

| In re: | ) | |
|---|---|---|
| | ) | |
| Marlina Mitsue Jedro, | ) | Case No. 24-70206-swe7 |
| | ) | Chapter 7 |
| Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Marlina Mitsue Jedro, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 12345 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, [et al.], | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

Plaintiff, Marlina Mitsue Jedro, by and through her attorney of record, Luke Homen, brings the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendants, the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II. JURISDICTION AND VENUE

2. On July 13, 2024, Plaintiff filed a voluntary Chapter 7 bankruptcy proceeding, Case Number 24-70206-swe7.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6. Plaintiff is a resident of Wichita County, Texas.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

### IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, Plaintiff borrowed approximately $32,343 from Defendant(s) in order to finance Plaintiff's education. The current outstanding balance of the student loan(s) is $32,343.00. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loan debt while attending Tarrant County Community College, Tarleton State University, Texas Tech University, and South Plains College where Plaintiff was pursuing a Bachelors degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed her course of study and received a degree in May 2017.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $329.00 for ten (10) years in order to pay off the student loans balance.

13. Since repayment on the student loans began, the debtor has:
   a. Made approximately 78 payments on the loans, totaling approximately $8,238.00
   b. Received 50 cumulative forbearances & deferments totaling 437.6 months
   c. Applied for the Income-Driven Repayment Plan

14. Plaintiff is currently employed as a Customer Service/Sales Representative with Evergreen Financial Counseling. Plaintiff's gross monthly income from employment is $3,553.33. Plaintiff has other monthly income totaling $23.00.

15. Plaintiff's current monthly household income is $3,576.33. Plaintiff's current monthly household expenses, including payroll deductions, are $3,715.00.

### V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. The framework for assessing undue hardship is the Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

18. Plaintiff is unable to make payments on her student loans. After deducting Plaintiff's reasonable and necessary expenses from her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and her financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

21. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that exempting her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/Luke Homen
Luke Homen
Luke Homen Law PLLC
10313 Greenbriar Pkwy
(405) 639-2099
luke@lukehomenlaw.com

## Exhibit #1

### List of loans with current balances

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| | DIRECT STAFFORD SUBSIDIZED (SULA ELIGIBLE) (DEPT OF ED/NELNET)$ 5,501.00 | $ 7.00 | FORBEARANCE |
| | DIRECT STAFFORD UNSUBSIDIZED( DEPT OF ED/NELNET)$ 2,134.00 | $ 3.00 | FORBEARANCE |
| | DIRECT STAFFORD SUBSIDIZED (SULA ELIGIBLE) (DEPT OF ED/NELNET)$ 1,001.00 | $ 1.00 | FORBEARANCE |
| | DIRECT STAFFORD SUBSIDIZED (SULA ELIGIBLE) (DEPT OF ED/NELNET)$ 4,506.00 | $ 6.00 | FORBEARANCE |
| | DIRECT STAFFORD UNSUBSIDIZED( DEPT OF ED/NELNET)$ 2,248.00 | $ 3.00 | FORBEARANCE |
| | DIRECT STAFFORD SUBSIDIZED (SULA ELIGIBLE) (DEPT OF ED/NELNET)$ | $ 5.00 | FORBEARANCE |

| | | | |
|---|---|---|---|
| | 4,254.00 | | |
| | DIRECT STAFFORD UNSUBSIDIZED( DEPT OF ED/NELNET)$ 2,236.00 | $ 3.00 | FORBEARANCE |
| | DIRECT STAFFORD SUBSIDIZED (SULA ELIGIBLE) (DEPT OF ED/NELNET)$ 1,981.00 | $ 2.00 | FORBEARANCE |
| | DIRECT STAFFORD UNSUBSIDIZED( DEPT OF ED/NELNET)$ 4,753.00 | $ 6.00 | FORBEARANCE |
| | DIRECT STAFFORD UNSUBSIDIZED( DEPT OF ED/NELNET)$ 3,689.00 | $ 4.00 | FORBEARANCE |