LEIGHA SIMONTON
UNITED STATES ATTORNEY
Dawn Whalen Theiss
Assistant United States Attorney
Texas Bar No. 24051755
1100 Commerce St., Ste. 300
Dallas, Texas 75242
dawn.theiss@usdoj.gov
Telephone: 214-659-8600
Facsimile: 214-659-8807
Attorneys for Department of Education

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| IN RE: | |
| MARLINA MITSUE JEDRO,<br>    Debtor | Case Number: 24-70206-SWE-7<br><br>(Chapter 7) |
| MARLINA MITSUE JEDRO,<br>    Plaintiff, | |
| v. | Adv. No. 24-07002-SWE |
| UNITED STATES DEPARTMENT OF EDUCATION,<br>    Defendant. | |

## JOINT MOTION TO STAY AND CONTINUE PROCEEDINGS

**TO THE UNITED STATES BANKRUPTCY JUDGE:**

The Parties, by and through their undersigned counsel, jointly move the Court for a stay of proceedings of 90 days, up to and including February 20, 2025, in order to allow the parties to initiate and, if possible, complete the process to assess whether this case is appropriate for a stipulated dismissal of discharge.

On November 17, 2022, the Department of Justice (DOJ), in cooperation with the Department of Education (Education), announced a new process under which DOJ attorneys, including Assistant U.S. Attorneys (AUSAs), will evaluate student loan discharge actions filed in bankruptcy proceedings. *See generally*, Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation (Nov. 11, 2022) (Guidance), *available at* https://www.justice.gov/civil/page/file/1552681/download. While the bankruptcy judge makes the final decision whether to grant a discharge, the Guidance provides a mechanism under which DOJ attorneys play an important role in that decision by supporting discharge in appropriate cases.

The legal standard and basic process for seeking discharge is unchanged. Within the debtor's bankruptcy, an adversary proceeding must be initiated by the filing of a complaint to determine dischargeability of debt under Section 523(a)(8), as was done here. Pursuant to the Guidance, the AUSA handling the case may stipulate to facts demonstrating that a debt would impose undue hardship and recommend to the court that a debtor's student loan be discharged if three conditions are satisfied: (1) the debtor presently lacks an ability to repay the loan; (2) the debtor's inability to pay the loan is likely to persist in the future; and (3) the debtor has acted in good faith in the past in attempting to repay the loan. *See generally*, Guidance p. 1. These factors generally align with the *Brunner* standard, which governs the dischargeability of student loans in adversary proceedings. *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987); *In re Thomas*, 931 F.3d 449 (5th Cir. 2019).

To assist the AUSA handling the case in evaluating these factors, the debtor is asked to provide relevant information by completing an attestation form (Attestation). The Attestation requests information about each of the three factors. The Attestation form is available on the

**Joint Motion to Stay Proceedings - Page 2 of 4**

DOJ website and this information has been provided to the Plaintiff. *See* Guidance, Appendix A (Attestation form), *available at* https://www.justice.gov/d9/pages/attachments/2022/11/17/appendix_a_-_attestation_form.pdf. The Department attorney may seek additional evidence where necessary to support representations in the Attestation. *Id*. After the AUSA has received sufficient information to make a recommendation to Education, the DOJ and Education will determine whether to consent to a discharge and stipulate to a judgment that the federal student loans at issue are dischargeable.

Plaintiff filed this adversary proceeding seeking a determination as to the dischargeability of the debt owed by the Plaintiff to the Defendant under Bankruptcy Code § 523(a)(8). (Doc. 1). Plaintiff has indicated, through counsel, that she is interested in taking advantage of this process and intends to submit an Attestation for review. A stay of proceedings pending initiation and, if possible, completion of this process would conserve judicial resources. The stay would permit Plaintiff to complete their Attestation and, depending on when it is submitted, allow time for Defendant to consider the Attestation and what position to take in this lawsuit. The motion is made in good faith and not to prejudice any party or to undue delay proceedings.

Therefore, the parties agree and jointly move the Court for a stay of proceedings of 90 days, up to, and including February 20, 2025. Should the attestation process be completed, or if additional time is needed to complete the process, the parties agree that they will file a status report with the Court and/or request additional time.

Dated: November 22, 2024

Respectfully submitted,

*For Plaintiff:*

*/s/ Luke Homen*
Luke Homen
Luke Homen Law, PLLC
Oklahoma Bar No. 32243
10313 Greenbriar Pkwy
Oklahoma City, OK 73159
Telephone: (405) 639-2099
Luke@lukehomenlaw.com

*For Defendant:*

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Dawn Whalen Theiss*
Dawn Whalen Theiss
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8628
Fax: 214-659-8807
dawn.theiss@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. Bankruptcy Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Dawn Whalen Theiss*
Dawn Whalen Theiss
Assistant United States Attorney